UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                                 **DECISION**
                                                                      **and**
                                      Plaintiff,                   **ORDER**

           v.                                                      **05-CV-443S(F)**

VILLAGE PARTNERSHIP,

                                      Defendant.


APPEARANCES:    FORSYTH, HOWE, O'DWYER, KALB & MURPHY, P.C.
                Attorneys for the Plaintiff
                GERALD N. MURPHY, of Counsel
                One Chase Square, Suite 1900
                Rochester, New York  14604

                McGEE & GELMAN
                Attorneys for the Defendant
                F. BRENDAN BURKE, JR., of Counsel
                200 Summer Street
                Buffalo, New York   14222


In this action to collect monies owed Plaintiff under a promissory note and

mortgage executed by Defendant to secure a loan granted by the federal Farmers

Home Administration, n/k/a, the Rural Housing Service, to develop and operate a senior

citizens housing project in the town of North Collins, New York, Plaintiff moves to

compel answers to Plaintiff's First Set of Interrogatories and requesting supporting

documents, served October 11, 2007, and to amend the Second Amended Scheduling

Order (Doc. No. 65), filed November 16, 2007 (Doc. No. 68) ("Plaintiff's motion").  In its

opposition, filed January 10, 2008 (Doc. No. 70), Defendant stated that a sale of the

subject property was expected and, as such, would, according to Defendant, render

Plaintiff's motion moot, but that Defendant did object to Plaintiff's request to amend the

Second Amended Scheduling Order.  Nevertheless, Defendant represented that

answers to Plaintiff's interrogatories would be served "within two weeks."  At oral

argument, conducted January 24, 2008, Defendant advised the court that Defendant

had delivered to Plaintiff's attorney, prior to oral argument, the outstanding answers.

However, as Plaintiff's attorney had insufficient opportunity to review Defendant's

answers, the court directed Plaintiff's attorney to advise the court not later than

February 6, 2008 whether Defendant's responses had rendered Plaintiff's motion moot,

and to recommend new dates for the requested amended scheduling order.

Plaintiff's memorandum advising Defendant's answers were deficient and

proposing new dates for an amended scheduling order based on the court's

determination of Plaintiff's motion, was filed February 7, 2008 (Doc. No. 72).  On

February 22, 2008, Defendant filed its response (Doc. No. 74); on February 28, 2008,

Plaintiff filed its reply (Doc. No. 75).  Plaintiff contends that of the eight interrogatories

served as Plaintiff's First Set of Interrogatories, Defendant's answers were, except as to

Plaintiff's Interrogatories Nos. 7 and 8, inadequate.  Defendant contends that all of

Defendant's answers to Plaintiff's interrogatories were sufficient as such answers, when

read together with a Settlement Conference Statement provided to the court and

Plaintiff in conjunction with settlement conferences conducted by Hon. Victor E.

Bianchini, a magistrate judge of this court, on January 24, 2006 and May 31, 2006,

(Doc. No. 74, Exh. D) ("Settlement Statement"), provide "sufficient itemization and

detail."  Defendant also objected to Plaintiff's Interrogatory No. 9 based on relevancy

and alleged harassment.  Alternatively, Defendant requests an additional 30 days to

provide more complete answers.

**Interrogatory No. 1**.

This interrogatory requests Defendant state the factual basis for Defendant's assertion in its answer that issues between the parties regarding management of the subject housing facility had been resolved and provide supporting documents. Defendant's answer referred, without specification, Plaintiff to the Settlement Statement, including its attached exhibits, and a proposed contract of sale to a third-party of the property that was rejected by Plaintiff. Based on its review of the documents submitted by Defendant, including the Settlement Statement, the court finds that none of them deals directly with questions of Defendant's management of the project. Accordingly, Defendant's answer is insufficient and Plaintiff's motion directed to this interrogatory is GRANTED.

**Interrogatory 2**.

This interrogatory requests Defendant identify dates when Defendant offered to Plaintiff to maintain a countersignature reserve account and how the offer was conveyed to Plaintiff, and to provide supporting documents. Defendant's answer stated, on information and belief,[1] that from the mid-1990's through the present Defendant extended such offer by way of correspondence, oral communications, or telephone communications. Defendant also directed Plaintiff to the Settlement Statement without pointing to where in this document information responsive to the interrogatory may be found. Defendant's answer fails to make any good faith attempt to provide the particulars requested by Plaintiff, and the court's review of the Settlement Statement

---

[1] Defendant's answers are signed only by Defendant's attorney in violation of Fed.R.Civ.P. 33(b)(1) and (b)(2).

fails to discern any information relevant to this interrogatory. The reference in the Settlement Statement to dual signature "reserve accounts" and Defendant's refusal to execute such account documents at Defendant's request is too ambiguous to enable the court to determine whether the subject "reserve accounts" described in the Settlement Statement are responsive to this interrogatory. In any event, the stated time frame, 1994 - 2002, is too general to constitute an adequate answer. Defendant's burdensomeness objection is not supported by any affidavit sufficient to support this objection. Accordingly, as to this interrogatory, Plaintiff's motion is GRANTED.

**Interrogatory No. 3.**

This interrogatory requests Defendant provide details of any tender of payments by Defendant due under the promissory note and mortgage, along with supporting documents. Defendant's answer stated merely that Plaintiff's declaration of default, acceleration, rejection of Defendant's tenders, and a return of Defendant's checks were "improper." Defendant again referred Plaintiff to the Settlement Statement.

Defendant's response is argumentative, provides no factual or legal contention to support Defendant's assertions to which this interrogatory is directed. Defendant fails, moreover, to specify where in the Settlement Statement the information requested by the interrogatory is located, and the court's review of the Settlement Statement fails to reveal any references to the subject matter of Defendant's alleged tenders of payment to Plaintiff. The balance of Defendant's answer merely reiterates the allegation in Defendant's answer about which this interrogatory seeks particular. As such, Defendant's response merely sidesteps the questions propounded by the interrogatory and constitutes an evasive response. Therefore, the court finds Defendant has failed to

4

adequately answer and as to this interrogatory, Plaintiff's motion is GRANTED.

**Interrogatory No. 4.**

In this interrogatory, Plaintiff requests Defendant state the basis for Defendant's defense, specifically paragraph 19 of Defendant's answer to Plaintiff's Third Amended Complaint, that Plaintiff is contractually barred from seeking the relief requested in this action and to provide supporting documents.  Defendant's answer to the interrogatory stated that because Defendant is not in default, Plaintiff is barred from seeking relief and also referred Plaintiff to the Settlement Statement.  However, Defendant's answer, as stated, fails to acknowledge that paragraph 19 of Defendant's answer to Plaintiff's Third Amended Complaint (Doc. No. 67) is Defendant's Seventh Affirmative Defense, the basis for which Plaintiff is entitled to discovery through this interrogatory.  Other than providing a litany of accusations against Plaintiff based on Plaintiff's relationship with Defendant, and Defendant's more recent importuning a local member of Congress to assist in resolving the dispute, the court's review of the Settlement Statement fails to reveal any information remotely relevant to this affirmative defense.  As such, Defendant's answer fails to make any attempt to provide a factual or legal basis for this affirmative defense or documents in support and, as such, is wholly deficient. Accordingly, Plaintiff's motion as to this interrogatory is GRANTED.

**Interrogatory No. 5.**

This interrogatory requests Defendant explain the basis for its Eighth Affirmative Defense, as stated in paragraph 20 of Defendant's answer to Plaintiff's Third Amended Complaint, alleging waiver, estoppel, acquiescence and election of remedies. Defendant's answer asserts this defense was interposed to enable Defendant's reliance

based on information and documents which "might be" obtained by Defendant during

discovery in this action.  Defendant also "incorporates" the information provided in the

Settlement Statement.  Although, based on the court's review, the statement does make

certain assertions implying Plaintiff's administrative mistreatment of Defendant, and

reiterates Defendant's claims that Plaintiff has acknowledged Defendant owes no

money to Plaintiff as sought in this action, Defendant's concession that the defenses

were interposed in the hope that something to support the defenses would arise during

discovery, which, according to the Second Amended Scheduling Order, concluded on

November 30, 2007, supports a finding that Defendant failed to answer this

interrogatory.  Accordingly, the court finds the answer entirely deficient, and Plaintiff's

motion directed to this interrogatory is therefore GRANTED.

**Interrogatory No. 6.**

This interrogatory requests Defendant provide the basis for Defendant's Ninth

Affirmative defense, alleged in Paragraph 21 of its Answer to the Third Amended

Complaint, that Plaintiff is in breach of "agreements between the parties."  In its answer

to this interrogatory, Defendant stated that Plaintiff failed to enter into a "true

countersignature account" as required by such agreements and federal regulations,

"improperly refused to supervise the project," and "improperly refused to accept the

monthly payments of principal and interest tendered by Defendant."  Additionally,

Defendant referred Plaintiff to the Settlement Statement without explaining where in the

statement responsive information may be located.

While Plaintiff did state in its answer how it contends Defendant defaulted, no

identification of the agreements to which such alleged breaches relate is provided by

Defendant nor has Defendant made any effort to particularize the factual details, responsive to the interrogatory, regarding when and by whom such alleged breaches occurred.  Defendant also fails to specify which federal regulations Plaintiff violated with respect to the alleged breaches regarding the "countersignature reserve account." Nothing in the Settlement Statement gives further insight into the basis for this affirmative defense.  Accordingly, Defendant's answer is deficient, and Plaintiff's motion as directed to this interrogatory is GRANTED.

**Interrogatory No. 9**.

This interrogatory seeks the identity of current tenants, and copies of all leases and the current rent roll for the senior citizen housing project which is the subject of this action.  Defendant's response was limited to the objection that Defendant feared Plaintiff would use the requested information to harass Defendant's tenants, and that the requested information is not relevant to Plaintiff's claims.  Plaintiff notes that Defendant's objections are untimely and that, in any event, as Plaintiff has a perfected security interest in the rents payable under the tenants' leases, it is entitled to the information to facilitate obtaining the relief it seeks.  Defendant does not dispute its objection is tardy and thus waived pursuant to Fed.R.Civ.P. 33(b)(4).  Moreover, Defendant fails to provide any basis to support its assertion that Plaintiff would harass Defendant's tenants sufficient to warrant a protective order pursuant to Fed.R.Civ.P. 26(c)(1), and, based on its familiarity with the history of this action, the court perceives none.  As a secured creditor, the identity of the secured assets held by Defendant, subject to Plaintiff's security interest is information upon which Defendant reasonably may need to rely in order to execute any judgment it may obtain in this action.  *See*

7

*Sherman Street Associates LLC v. JTH Tax, Inc.,* 2006 WL 3422576, *3 (D. Conn. Nov. 28, 2006) (information regarding defendant's financial situation is relevant to claim for compensatory damages and therefore discoverable).  Defendant does not deny Plaintiff possesses such a security interest.  Moreover, in the case of a commercial mortgage, like the instant matter, a mortgagee is in all probability granted self-help remedies, upon declaration of default, entitling the mortgagee to receive rents upon notice of lessees.  Accordingly, the court finds Defendant has waived its objection, the interrogatory seeks relevant information, and Plaintiff's motion directed to this interrogatory is therefore GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion is GRANTED.  Defendant's answers and related documents as directed by this Decision and Order shall be served **not later than March 19, 2008**.  Such answers shall be sworn to by a person with personal knowledge of the facts in accordance with Fed.R.Civ.P. 33(b)(1) and (b)(2).

Because Defendant's inadequate answers and failure to provide relevant documents prevented Plaintiff from timely concluding discovery in accordance with the Second Amended Scheduling Order, for good cause Plaintiff's request to amend the Second Amended Scheduling Order is also GRANTED.  A Third Amended Scheduling Order will be issued contemporaneously with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 5, 2008
       Buffalo, New York